# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. HUFFMAN,<br><br>  Plaintiff,<br><br>   vs.<br><br><br>DANIEL PARMO, et al.,<br><br>  Defendant. | CASE NO. 11cv2829-LAB (DHB)<br><br>**ORDER GRANTING MOTION TO DISMISS;**<br><br>**ORDER DENYING MOTION FOR JUDICIAL NOTICE;**<br><br>**ORDER ACCEPTING FIRST AMENDED COMPLAINT AS FILED; AND**<br><br>**ADMONITION TO PLAINTIFF'S COUNSEL** |

Plaintiff, a prisoner represented by counsel, filed his complaint in this case on December 5, 2011, bringing civil rights claims pertaining to conditions of confinement, and also claims under the Americans with Disabilities Act. At the same time, a notice of non-compliance with Civil Local Rule 5.4(a) (regarding mandatory electronic filing) was generated. The notice included the admonition "**\*\*Counsel must register for CM/ECF on the court's web site, www.casd.uscourts.gov, within 5 business days of receipt of this notice.**" (bold in original).

On May 3, 2012, the summons was returned executed, and Court records show that on that day a login and password was sent to Plaintiff's counsel, Okorie Okorocha, Esq. On May 16, Defendant Parmo, the sole named Defendant, filed a motion to dismiss, with a

1  hearing date of June 27, 2012. This was referred to Magistrate Judge David Bartick for
2  report and recommendation, and the hearing was set before him. On June 25, after no
3  opposition was filed, Judge Bartick ordered Plaintiff to file his opposition to the motion no
4  later than July 9. The order said that if Plaintiff did not file an opposition before then, it would
5  be presumed he had no opposition to the court deciding the motion on the papers before it.
6  The docket shows that a copy of that order was served electronically on Plaintiff's counsel.

7  Instead of filing an opposition, Plaintiff's counsel on September 16 filed a First
8  Amended Complaint, a Request for Judicial Notice, and a Notice of Appearance.

9  Under Civil Local Rule 7.1(f)(3)(c), failure to file an opposition to a motion when due
10 can constitute consent to the motion's being granted. Because Plaintiff filed an amended
11 complaint, the Court infers that he admits the motion to dismiss was meritorious and should
12 have been granted. The motion to dismiss (Docket no. 6) is **GRANTED**, and the original
13 complaint is **DISMISSED WITHOUT PREJUDICE**.

14 Under Fed. R. Civ. P. 15(a)(1)(B), Plaintiff could have filed his amended complaint
15 within 21 days after being served with Defendant's motion to dismiss. In this case, he filed
16 it late and without leave. In view of the policy favoring decisions on the merits, and the fact
17 that Plaintiff is bringing civil rights claims, the Court will accept the First Amended Complaint
18 as filed. *See Nwandu v. Bach*, 2010 WL 2487194, at *2 (S.D.Cal., June 15, 2010) (citing
19 *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)) (noting
20 Court's obligations to avoid allowing civil rights claims to be decided on the merits, rather
21 than "trumped by technicalities").

22 At the same time, the Court is not required to allow Plaintiff repeated attempts to
23 correct defects he already knows about. Because Plaintiff, after seeing the motion to
24 dismiss, filed an amended complaint, it is clear Plaintiff was on notice of what Defendant
25 identified as defects in the complaint, and agreed with Defendant's observations. Should it
26 prove that the First Amended Complaint fails to correct the defects identified in the motion
27 to dismiss, the Court will not assume Plaintiff has been sandbagging by holding relevant
28 facts back in hopes of pleading them later. Rather, the logical assumption would be that

Plaintiff cannot plead additional facts to correct those defects, and that further opportunities to amend would be futile.

If Plaintiff believes he needs to amend his complaint further, he should seek leave to do so or obtain Defendant's written consent, pursuant to Fed. R. Civ. P. 15(a)(2). Any further amended complaints submitted in violation of Fed. R. Civ. P. 15 will be rejected for filing.

Plaintiff's counsel filed a request for judicial notice (Docket no. 10), the body of which states as follows:

> As is clear from the "notice" the court generated and is attached hereto, the Plaintiff was NOT on the notice list of these proceedings and was not able to participate thus far in the case.

(Docket no. 10 at 2.) The attachment shows that a copy of Defendant's motion to dismiss (Docket no. 6) was emailed to Defendant's counsel but not Plaintiff's counsel. The reason for this is not clear. Although Court records show Plaintiff's counsel's CM/ECF registration was complete on May 3, it appears that he was not yet entered in the docket as counsel of record until May 30, *see* Docket no. 7 (noting Notice of Electronic Filing was regenerated on that date, to reflect Mr. Okorocha's entery in the docket as counsel of record). But he had notice of this.[1] After that was corrected, he was give notice by email of the May 30 order setting a briefing schedule, (*see* Regenerated Notice of Electronic Filing, Docket no. 7, showing email notice was sent to Mr. Okorocha), and the June 25 order requiring him to file an opposition. (*See* Notice of Electronic Filing, Docket no. 8.)

All that being said, it is perfectly clear Plaintiff's counsel had notice of the motion to dismiss. The certificate of service for the motion to dismiss shows that Defendant's counsel served Mr. Okorocha by U.S. mail. And the receipts for Judge Bartick's May 30 and June 25 orders (Docket nos. 7 and 8) show that copies of those orders were emailed to Mr. Okorocha at the same email address that is now in the docket. Even assuming Mr. Okorocha never received the motion to dismiss in the mail, he was definitely served with Judge Bartick's

---

[1] The reason Plaintiff's counsel was not in the docket as counsel of record is unclear; it may have been the result of docketing error, or a technical problem. Regardless, the fact that Plaintiff's counsel was not listed in the docket as counsel of record with complete contact information (even though opposing counsel were) should have prompted him to inquire.

orders setting a briefing schedule and requiring him to file an opposition to the motion. *See* this District's Electronic Case Filing Administrative Policies and Procedures Manual, § 2(d)(2) (requiring registered CM/ECF users to monitor email accounts regularly and open email notices promptly); *see also* Civil Local Rule 5.4(d) (registration as CM/ECF user constitutes consent to electronic service of all filed documents).

Furthermore, Mr. Okorocha's representation that he didn't know about the motion to dismiss implies that he didn't check the docket at all after May 16, when the motion was filed. If that is the case, his inaction was unreasonable, bearing in mind that Defendant's failure to defend within 21 days after service would result in default, under Fed. R. Civ. P. 12(a)(1)(A)(i) and 55(a); and failure to prosecute following such default could result in dismissal, under Civil Local Rule 55.1.

The request for judicial notice, apparently, is being offered as an excuse for Mr. Okorocha's failure to respond to the motion to dismiss. As such, it is inadequate. Even accepting that he was "NOT on the notice list of these proceedings," (along with the implication that he was not responsible for monitoring this) his claim that he "was not able to participate thus far in the case" is obviously untrue. Mr. Okorocha is admonished that he is required to follow this District's local rules, as well as to monitor the progress of this case. His own neglect and failure to check the docket for several months does not serve as an excuse for anything. *See, e.g., Villegas v. City of Colton*, 2011 WL 3568270, at *3 (C.D.Cal., Aug. 9, 2011) (where notice of motion for summary judgment was sent to attorney's listed email address, and where counsel failed to check docket for three months even though it was accessible on internet, failure to oppose motion was inexcusable); *Lapico v. Portfolio Recovery Associates, LLC*, 2008 WL 1702187, at *3 (D.Conn, April 11, 2008) (attorney of record bears responsibility of to monitor docket and respond to motions filed there, and failure to do so does not constitute excusable neglect).

/ / /

/ / /

/ / /

In short, the record shows Mr. Okorocha didn't respond to multiple notices that a motion to dismiss was pending. And, accepting his representations as true, he must not have checked the docket for several months. This bespeaks neglect of the case, not inability to participate. The request for judicial notice is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 18, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN Burns**
United States District Judge