# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. HUFFMAN,<br><br>                  Plaintiff,<br>  vs.<br>DANIEL PARMO, et al.,<br><br>                  Defendant. | CASE NO. 11cv2829-LAB (DHB)<br><br>**ORDER OF DISMISSAL** |

On July 19, the Court issued an order adopting the Magistrate Judge David Bartick's report and recommendation, to which Plaintiff had filed no objections. The Court dismissed most claims, dismissed the complaint as a whole, and directed Plaintiff to file a second amended complaint by August 1, 2013. Although Plaintiff is a prisoner, he is represented by counsel.

Plaintiff has filed no amended complaint as directed, nor has he filed anything nor manifested any intent to do so.[1] His failure to object to the report and recommendation suggests he may see his claims are futile and may not be interested in pursuing them. It may also be that he concedes his principal claims must be dismissed and thinks the few remaining claims are not worth pursuing on their own. In any case, if Plaintiff wished to pursue his claims, the burden was on him to do so. Plaintiff has not attempted to file

---

[1] Plaintiff's counsel has notice of documents filed electronically, and can file documents electronically and view the docket at any time.

- 1 -                                                                       11cv2829

anything in this case since late October of 2012, when he filed a duplicate of his opposition to Defendants' motion to dismiss.

The Court has considered the factors set forth in *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), and does not see any reasonable alternative to dismissal. If this action is not dismissed, there is no reason to think it will do anything but linger in the docket. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (explaining that in cases where plaintiffs fail to respond to a court's direction to amend, dismissal is appropriate, lest "resources continue to be consumed by a case sitting idly on the court's docket"). This Court needs to manage its docket and ensure that cases do not grow old due to litigants' dilatoriness, and Defendants are entitled to a final resolution of claims against them. Failure to prosecute is one of the authorized reasons for involuntary dismissal under Fed. R. Civ. P. 41(b).

As a separate matter, dismissal is also warranted for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal for non-compliance with a court order); Civil Local Rule 83.1(a) (authorizing sanctions, including dismissal of an action, for failure to comply with any order of the Court). *See also Edwards*, 356 F.3d at 1065 (holding that Rule 41(b) dismissal was appropriate where plaintiff failed to respond in any way when ordered to do so by the court).

Pursuant to Fed. R. Civ. P. 41(b), this action is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: August 5, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge